IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADANA FINCH,<br><br>   Plaintiff,<br><br>v.<br><br>STEADFAST MANAGEMENT<br>COMPANY, INC.,<br><br>   Defendant. | No. 14 CV 6612<br><br>Hon. Charles R. Norgle |

## ORDER

Defendant Steadfast Management Company's Motion to Dismiss [15] is denied. In addition, the Court orders that discovery shall proceed in phases. The first phase of discovery shall focus on when and which entity reported the alleged debt on Plaintiff's credit report. Plaintiff shall produce a copy of the credit report by May 1, 2015. A status hearing regarding the first phase of discovery is set for May 8, 2015, at 10:00 am.

## STATEMENT

  Before the Court is Defendant Steadfast Management Company, Inc.'s ("Defendant") motion to dismiss Plaintiff Adana Finch's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

  As an initial matter, after Defendant filed the instant motion, Plaintiff filed a notice of voluntary dismissal of Counts III through VI of her Amended Complaint pursuant to Rule 41(a)(1)(A)(i). Accordingly, only Count I (retaliation under the Fair Housing Act ("FHA"), 42 U.S.C. § 3617) and Count II (retaliation under the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/6-101(A)) remain before the Court.

  In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (stating that a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp., 665 F.3d at 934 (internal quotation marks and citation omitted).

  Plaintiff alleges that she lived at the Fox View Apartments II ("Fox View") in Carpentersville, Illinois from October 28, 2005 to May 31, 2011. Until July of 2010, Fox View was owned by a company called "Fox View I" and managed by Pacific Management. In July of 2010, Steadfast Fox View, LP purchased Fox View, and Defendant began managing the property.

Plaintiff alleges that shortly after Defendant took over management of Fox View, she began having a series of problems with various employees and their friends, including harassment of herself and her disabled daughter. Plaintiff moved out on May 31, 2011. Plaintiff further alleges that upon exiting, she entered into a Release and Waiver with Defendant by which she agreed to absolve Defendant of any liability in exchange for $800 in moving expenses. Defendant also allegedly agreed to forgive $1,285 in unpaid rent in exchange for Plaintiff forfeiting her security deposit. Plaintiff contends that as she was leaving Fox View, and pursuant to these agreements, Defendant gave her a copy of her account ledger for Fox View which showed that she had a $0 balance.

Nevertheless, on February 15, 2012, Plaintiff filed a housing discrimination complaint against Defendant with the United States Department of Housing and Urban Development ("HUD") alleging racial discrimination. HUD then referred the complaint to the Illinois Department of Human Rights ("IDHR"). After an investigation, on May 7, 2012, the IDHR dismissed Plaintiff's claims due to a lack of evidence and/or a lack of jurisdiction.

In August of 2013, Plaintiff applied to lease an apartment at Woodbury Apartments ("Woodbury"), where she currently resides. After reviewing her application however, Woodbury informed Plaintiff that it discovered that she owed Fox View I, the previous owner of Fox View, a $3,820 balance dated October 1, 2006. Plaintiff alleges that Defendant placed this erroneous charge on her account in retaliation for her 2012 complaints to HUD and the IDHR. Plaintiff reasons that the charge could not have existed in 2006, but, rather, was made in retaliation for her 2012 complaints to HUD and the IDHR because: (1) in 2011 she received a copy of her account ledger from Fox View which showed a $0 balance, (2) only Defendant had access to her rental account at Fox View from 2011 to 2013, and (3) she received Section 8 vouchers from HUD in 2010 and 2011 which she would not have qualified for if she had an unpaid rental balance.

Defendant argues that Plaintiff's Amended Complaint contains nothing more than conclusory allegations, unsupported by any facts that would render her claims plausible. Specifically, Defendant argues that it is implausible to believe that it could have placed an erroneous charge on Plaintiff's account ledger on behalf of a prior owner, which dated back four years before Defendant took over the property.

At this juncture, viewing the allegations in a light most favorable to Plaintiff, the Court finds that the Amended Complaint contains plausible allegations for relief. Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks and citation omitted). Accordingly, Defendant's motion to dismiss is denied. However, in order to conserve judicial resources and to avoid burdening the parties with unnecessary litigation expenses, the Court orders that discovery shall proceed in phases. The first phase of discovery shall focus on when and which entity reported the alleged debt on Plaintiff's credit report. Plaintiff shall produce a copy of the credit report by May 1, 2015. A status hearing regarding the first phase of discovery is set for May 8, 2015, at 10:00 am.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 31, 2015